UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
ALFONSO CARMONA,                                                  :
                                                                  :
                  Plaintiff,                                        :
                                                                  :
v.                                                                :   24-CV-814 (SFR)
                                                                  :
MARY ELLEN SILVA ET AL.,                                          :
                                                                  :
                  Defendants.                                      :
---------------------------------------------------------------- x

**MEMORANDUM AND ORDER**

Defendant Advanced Practice Registered Nurse ("APRN") Mary Ellen Silva brings this partial Motion to Dismiss seeking to dismiss the state law negligence claim alleged against her in Plaintiff Alfonso Carmona's Complaint under Rule 12(b)(1) and 12(b)(6). For the reasons stated below, I grant the Motion to Dismiss with leave for Carmona to file an amended complaint alleging a state law recklessness claim.

**I.    BACKGROUND**

    **A.    Factual Background**

I here summarize only the facts relevant to this Motion to Dismiss.

On March 8, 2023, Carmona entered the New Haven Correctional Center ("NHCC"), after sustaining a gunshot wound to his left arm. Compl. ¶ 11. He was taken to UConn Medical Center ("UMC"), where doctors assessed his injuries and recommended surgery. *Id.* ¶ 12. Surgery was performed on March 17, 2023, and Carmona was then outfitted with a cast and sling and ordered to attend physical therapy. *Id.* ¶ 13. Another doctor at UMC wrote a discharge order requiring Carmona to wear the cast and sling for ninety days to help his arm heal properly and prevent further damage. *Id.* ¶ 14.

1

During the first three days after he returned to jail, Carmona asked APRN Silva for material to cover his cast and for assistance showering so that he could shower without the cast getting wet. *Id.* ¶ 15. Silva did not help Carmona shower or cover the cast. *Id.* ¶ 16. Silva then had to remove the cast on April 20, 2023, because it got wet in the shower. *Id.* ¶ 17.

The next day, Carmona spoke with another nurse because he was in severe pain. *Id.* ¶ 18. The nurse took Carmona to see Silva and told her that Carmona's bone was sticking out of his arm. *Id.* ¶¶ 18-19. Carmona then returned to UMC, where he was informed that another operation would be required, and that they would advise the prison to provide pain medication to Carmona. *Id.* ¶ 20-21. Pain medication was not provided. *Id.* ¶ 22.

Although the doctors had advised that he would need surgery within five days, two weeks passed before Carmona's second surgery took place at UMC on May 2, 2023; the doctors had to add extra bone and skin to repair his arm. *Id.* ¶ 25. Carmona now has no feeling in three of his fingers, limited mobility in his arm, and cannot lift five pounds. *Id.* ¶ 26. He has not received physical therapy, despite his ongoing pain and limitations. *Id.*

B.   **Procedural History**

Carmona filed a *pro se* complaint in this action on May 2, 2024. On initial review, the Court[1] allowed Carmona's Fourteenth Amendment deliberate indifference and state law negligence claims against Silva to proceed and terminated several other claims and Defendants. ECF No. 21. After Carmona filed an Amended Complaint, the Court ruled that the Amended Complaint did not address the deficiencies identified in the initial review and

---

[1] The Honorable Vernon D. Oliver presided over this action before it was transferred to me.

ordered service on Silva only. ECF Nos. 24, 25. This case was transferred to me on January 6, 2025. ECF No. 27.

Silva filed the instant partial Motion to Dismiss, and a Memorandum of Law in Support of that Motion, on May 23, 2025. ECF Nos. 47, 47-1. On July 21, 2025, I appointed counsel for Carmona. A few days later, on July 30, 2025, Carmona filed an Objection to the Motion to Dismiss. ECF No. 59. As counsel had already been appointed, I ordered the parties to propose a new schedule for, *inter alia*, Carmona's response to the Motion to Dismiss, which the parties did on October 20, 2025. ECF Nos. 68, 69. Carmona's attorney subsequently filed a separate Memorandum in Opposition to the Motion to Dismiss on November 7, 2025, and Silva filed a Reply on November 18, 2025. ECF Nos. 74, 75.

## II. LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (citation and internal quotation marks omitted). "It is well-settled that the 'plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.'" *Matthias v. United States*, 475 F. Supp. 3d 125, 133 (E.D.N.Y. 2020) (quoting *Aurecchione v. Schooman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Although the court "must accept as true all material factual allegations in the complaint," a court should not "draw inferences from the complaint favorable to plaintiff." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings." *Student Members of Same v. Rumsfeld*, 321 F. Supp. 2d 388, 392 (D. Conn. 2004) (quoting *Luckett*, 290 F.3d at 496-97).

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155-56 (D. Conn. 2016). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. I must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). However, I am not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008).

### III.   DISCUSSION

Defendant Silva argues that she is immune from Carmona's negligence claim under Connecticut General Statute § 4-165. Defs.' Mem. 1. Carmona responds in his Opposition and Objection that Silva, in fact, "recklessly and wantonly denied the Plaintiff a plastic bag so he could shower" without damaging the cast, and Silva's actions fall under the "wanton, reckless or malicious" exception to Conn. Gen. Stat. § 4-165. ECF No. 59, at 4; ECF No. 74, at 1-2. Alternatively, Carmona asks that if I dismiss the Complaint, that I do so with leave for him to plead recklessness and possibly other claims "after the conclusion of discovery." ECF No. 74, at 2. Silva responds that Carmona's claim fails regardless of what label Carmona affixes to Silva's conduct because "a 'common law recklessness' claim is not viable when the allegations call the defendant's 'medical judgment' into question." ECF No. 75, at 1-2.

Defendant is correct that Carmona's state law negligence claim is barred by Conn. Gen. Stat. § 4-165. "That statute provides that '[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment.'" *Florian v. Caplan*, No. 3:25-CV-1017 (SVN), 2025 WL 2996422, at *6 (D. Conn. Oct. 24, 2025) (quoting Conn. Gen. Stat. § 4-165(a)); *Miller v. Egan*, 265 Conn. 301, 319 (2003) (state employees are not "personally liable for their negligent actions performed within the scope of their employment," but immunity does not apply to "reckless" conduct); *see also Lewis v. Cowen*, 165 F.3d 154 (2d Cir. 1999). Here, Silva was a state employee acting within the scope of her employment. She is thus generally immune to state negligence claims. *See Florian*, 2025 WL 2996422, at *6. Carmona therefore cannot maintain a negligence claim against Silva.

Although Carmona argues in his response to the Motion to Dismiss that the facts alleged in the complaint show Silva acted recklessly, I conclude that the complaint did not adequately put Silva on notice of this claim pursuant to Federal Rules of Civil Procedure 8. Rule 8 requires that a plaintiff's pleading contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This is because the "principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

"Under Connecticut common law, recklessness is more than negligence, more than gross negligence." *Pena v. Czeremcha*, No. 3:24-CV-938 (SVN), 2024 WL 4388277, at *13 (D. Conn. Oct. 2, 2024) (internal quotation marks removed). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others

5

involved in it or with knowledge of facts which would disclose this danger to any reasonable man." *Jenkins v. Road Scholar Trans.*, LLC, 835 F. App'x 619, 622 (2d Cir. 2020) (summary order) (quoting *Doe v. Boy Scouts of Am. Corp.*, 147 A.3d 104, 120 (Conn. 2016) (*en banc*)). "[T]he actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." *Id.* at 622 (quoting *Doe*, 147 A.3d at 120).

Carmona did not plead recklessness is his initial complaint. He thus did not "give the adverse party fair notice of the claim asserted." *Salahuddin*, 861 F.2d at 42. Although Carmona was proceeding pro se at the time he filed his complaint, the Court has since appointed counsel for Carmona. Under these circumstances, I grant Silva's motion to dismiss Carmona's negligence claim but give Carmona leave to file an amended complaint asserting a claim for common law recklessness.

Silva argues that I should not grant Carmona an opportunity to amend his complaint to state a recklessness claim because, in effect, amendment would be futile. In her Reply, Silva argues that a plaintiff may not state a claim for common law recklessness "when the allegations call the defendant's 'medical judgment' into question." ECF No. 75, at 1 (quoting *Votre v. Cnty. Obstetrics & Gynecology Grp., P.C.,* No. CV065005430S, 2007 WL 1675929, at *3-4 (Conn. Super. Ct. May 24, 2007), *aff'd*, 113 Conn. App. 569, 966 A.2d 813 (2009)).[2] But the court in *Votre* held only that the claims against the defendant doctors in that case of, *inter alia*, reckless and negligent misrepresentation in connection with the plaintiff's treatment should be

---

[2] Silva also relies on *Matias v. Anderson*, No. 3:18-CV-17 (SRU), 2020 WL 616443 (D. Conn. Feb. 10, 2020), where the court dismissed a negligence claim against a prison official under Conn. Gen. Stat. § 4-165. *See* ECF No. 47-1, at 6. But *Matias* simply observed that a claim asserting reckless conduct is not a negligence claim. Unlike in the present case, it does not appear that the plaintiff in *Matias* sought to amend the complaint to assert a recklessness claim.

classified as medical malpractice claims and, under the circumstances of the case, required expert testimony. *Votre*, 2007 WL 1675929, at *6. *Votre*'s holding depended on the particular facts of that case. The court did not hold that plaintiffs are never able to assert common law recklessness claims against medical staff. Moreover, it is not clear that Carmona's amended complaint would assert that Silva's reckless actions (or failures to act) involved the exercise of medical judgment as opposed to other forms of actions or failures.

Because the Initial Review Order did not discuss this issue, Carmona has not had a chance to amend his complaint to address the wanton, reckless, or malicious exception to Conn. Gen. Stat. § 4-165. I therefore dismiss Carmona's claim for negligence and grant him leave to amend his complaint to assert a claim for recklessness.

## IV.   CONCLUSION

For the foregoing reasons, I grant Silva's partial Motion to Dismiss Carmona's Complaint with leave to amend.

The court shall convene a status conference with the parties to establish a schedule for amending the complaint in compliance with this Opinion.

**SO ORDERED.**

New Haven, Connecticut
January 16, 2026

                                            /s/*Sarah F. Russell*
                                            SARAH F. RUSSELL
                                            United States District Judge